# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| KIERRIA HARVEY, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 3:16-CR-0003-TCB-RGV-10 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 3:17-CV-0171-TCB-RGV |

## **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Kierria Harvey's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, [Doc. 846], and the government's response, [Doc. 850], as supplemented, [Doc. 852]. For the reasons that follow, it is **RECOMMENDED** that Harvey's § 2255 motion be denied.

## **I. PROCEDURAL HISTORY**

A federal grand jury in the Northern District of Georgia returned a seventy-five count indictment against Harvey and twenty-four co-defendants, all but one of whom were correctional officers employed by the Georgia Department of Corrections. [Doc. 1 at 2]. The indictment charged Harvey, who was one of those correctional officers, in Counts Forty-Two, Fourty-Four, and Sixty-Two with attempt to distribute cocaine

and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and in Counts Forty-Three, Forty-Five, and Sixty-Three with attempted Hobbs Act extortion under color of official right, in violation of 18 U.S.C. § 1951(a). [Id. at 21-23, 30]. Represented by court appointed counsel David D. Marshall ("Marshall"), Harvey entered a non-negotiated guilty plea to all six counts. [Docs. 173; 393; 852-1].

At the plea hearing, Harvey confirmed her understanding that she faced a maximum possible sentence of twenty years of imprisonment on each individual count. [Doc. 852-1 at 6-7]. The government summarized the factual basis for Harvey's plea as follows:

> In June through September of 2015, . . . Harvey was a correctional officer with the Georgia Department of Corrections [("GDOC")]. In those months, Ms. Harvey met with a person she believed to be a high-level drug trafficker operating in the Locust Grove area, in the Northern District of Georgia, in order to assist with the transport of what Harvey believed to be kilogram quantities of both methamphetamine and cocaine . . . in exchange for cash bribe payments. The drug trafficker, however, was actually a confidential human source, or CHS for short, working undercover for the FBI.
>
> In exchange for payment, . . . Harvey agreed to wear her GDOC uniform . . . and accompany the purported drug trafficker, who was the CHS, while delivering purported cocaine and methamphetamine to other purported drug traffickers in order to assist with the transport of those controlled substances.

>      Harvey was told and she believed that her uniformed presence would assist the drug trafficker with his transport of controlled substances by protecting the drug deals from law enforcement interdiction, in that Harvey's uniformed presence would exert pressure on other law enforcement officers, and would influence those other officers not to take official investigative action, such as searching the vehicle in which the drugs were being transported. Harvey's criminal actions, including those relating to drug trafficking, affected interstate commerce.

[Id. at 9-10]. Harvey affirmed that she agreed with the facts stated by the government, [id. at 10], and the Court accepted Harvey's plea, [id. at 16].

At sentencing, Marshall argued that Harvey should receive a two-level reduction for her minimal role in the offense. [Doc. 852-2 at 2]. After granting Harvey a safety valve adjustment and overruling her remaining objections, including her argument for a minimal role reduction, the Court determined that Harvey's sentencing guideline range was 108 to 135 months of imprisonment, but stated that it was "not about to sentence [Harvey] to 108 months." [Id. at 10]. The government recommended a fifty percent reduction to a fifty-four-month sentence. [Id. at 11-13]. Marshall raised a number of mitigating factors, including the consequences a prison term would have on Harvey's family, and asked the Court to impose a sentence of "no more than 35 months." [Id. at 15-17]. Harvey also spoke directly to the Court regarding the consequences her imprisonment would have on her family. [Id. at 17-

3

18]. The Court then sentenced Harvey to thirty-six months of imprisonment on each count to run concurrently. [Id. at 19; Doc. 479]. Harvey did not file a direct appeal.

Harvey timely filed this pro se § 2255 motion, arguing that her attorney was ineffective for failing to object to the denial of a minimal role reduction and to her "general sentence" and for not presenting mitigating factors such as the collateral consequences of her imprisonment to her and her family, that the Court failed to consider the collateral consequences of her convictions during sentencing, and that she qualifies for a downward departure. [Doc. 846 at 4-5; Doc. 846-1 at 2-11]. The government responds, in pertinent part, that Harvey's sentencing claims are procedurally defaulted because she failed to raise them on direct appeal, [Doc. 850 at 11-14], and that Harvey's ineffective assistance of counsel claims lack merit, [Doc. 852 at 5-10].

## II.  DISCUSSION

### A.  Assistance of Counsel

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

4

collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. In order to demonstrate prejudice, a defendant "must show

5

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Harvey contends that Marshall failed to object to the denial of a minimal role reduction and to her "general sentence" and did not present mitigating factors, such as the collateral consequences of her imprisonment to her and her family, at sentencing. However, Harvey's assertions are incorrect, and thus, she has not met her burden to show that Marshall provided her ineffective assistance. Marshall did object to the lack of a minimal role reduction at sentencing, but did not belabor the point after the Court indicated that it was disinclined to grant the reduction. [Doc. 852-2 at 2]. Counsel also presented mitigating factors and argued for a thirty-five-month sentence. [Id. at 15-17]. Furthermore, "[a] general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts." Jones v. United States, 224 F.3d 1251, 1259 (11th Cir. 2000) (citation omitted). The Court did not impose a general sentence in this case. Each count to which Harvey pleaded guilty carried a 240-month maximum sentence, [Doc. 852-1 at 6-7], and the Court sentenced her to 36-month concurrent sentences on each count, [Doc. 479; Doc. 852-2 at 19]. Harvey's sentence was seventy-two months below the

6

low-end of the guideline range, and she has not shown that Marshall could have done anything more that would have resulted in an even lower sentence. Accordingly, Harvey has not shown deficient performance or prejudice based on Marshal's actions and/or omissions during sentencing.

### B. Procedural Default

Harvey also asserts that the Court failed to consider the collateral consequences of her convictions during sentencing and that she qualifies for a downward departure. However, a criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). A movant may also establish cause for the procedural default if he can show "that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation

marks and citation omitted). If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (citation omitted).

To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin v. Perkins, 569 U.S. 383, 401 (2013) (citing Schlup, 513 U.S. at 316).

Harvey did not complete a direct appeal and has not alleged that an objective factor external to the defense prevented her or Marshall from doing so or that the failure to complete a direct appeal was the result of ineffective assistance of counsel. See Lynn, 365 F.3d at 1235; Reece, 119 F.3d at 1465. Harvey further does not assert that she is actually innocent. Accordingly, Harvey may not challenge her sentence in this § 2255 motion.

8

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Harvey's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that she be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Harvey's § 2255 motion, [Doc. 846], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 23rd day of FEBRUARY, 2018.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)